UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RANA D. YOUNG, *ex rel.*, I.B, a minor, | ) | |
| | ) | |
| Plaintiff, | ) | No. 16 C 9926 |
| | ) | |
| v. | ) | Magistrate Judge M. David Weisman |
| | ) | |
| NANCY A. BERRYHILL,[1] Acting Commissioner of Social Security, | ) ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION AND ORDER

Plaintiff Rana Young, on behalf of her minor daughter, "I.B." filed this action seeking reversal of the Commissioner's denial of her application for Supplemental Security Income under Title XVI of the Social Security Act ("Act"). 42 U.S.C. §§ 1383(c). The parties consented to the jurisdiction of this Court pursuant to 28 U.S.C. § 638(c). (Dkt. 7.) For the reasons set forth below, the Court reverses the Administrative Law Judge's ("ALJ") decision and remands this case to the Social Security Administration for further proceedings.

---

[1] On January 23, 2017, Nancy A. Berryhill succeeded Carolyn W. Colvin as Acting Commissioner of Social Security. *See* https://www.ssa.gov/agency/commissioner.html (last visited Sept. 5, 2017). Accordingly, the Court substitutes Berryhill for Colvin pursuant to Federal Rule of Civil Procedure 25(d).

1

## I. Procedural History

Plaintiff Rana Young, on behalf of her minor daughter, "I.B.," was awarded Supplemental Security Income (SSI) benefits when I.B. was born, due to I.B's premature birth and low birth weight. Plaintiff's most recent favorable medical decision was August 27, 2013 where the ALJ found that I.B was still disabled but medical improvement had occurred as of February 1, 2012. (R. 23.)

In May of 2015, Plaintiff was reevaluated and the ALJ issued an unfavorable decision finding that I.B.'s disability had ceased. (*Id.* at 17.) Specifically, the ALJ found that since February 1, 2012 the claimant had severe impairments of asthma and bronchopulmonary dysplasia but did not have an impairment or a combination of impairments that functionally equaled one of the listed impairments. (*Id.* at 24.) The ALJ further explained that that Plaintiff's other impairments, attention deficit hyperactive disorder (ADHD), delayed speech, and mood disorder, were not severe. (*Id.*)

Plaintiff requested Appeals Council review. The Appeals Council declined Plaintiff's request for review of the ALJ's decision, which thus stands as the Commissioner's final decision. (R. 1) Plaintiff asks this Court to review the ALJ's decision arguing that the ALJ erred in weighing the treating sources' opinions, impermissibly relied upon the non-examining state agency doctor's opinion, and incorrectly assessed Plaintiff's childhood functional domains. (Pl.'s Br. at 6, 10, 11.)

## II. Standard of Review

Judicial review of the Commissioner's final decision is authorized by § 405(g) of the Act. In reviewing this decision, the Court may not engage in its own analysis of whether the plaintiff is severely impaired as defined by the Social Security Regulations. *Young v. Barnhart*, 362 F.3d 995, 1001 (7th Cir.

2004). Nor may it "reweigh evidence, resolve conflicts in the record, decide questions of credibility, or, in general, substitute [its] own judgment for that of the Commissioner." *Id.* The Court's task is "limited to determining whether the ALJ's factual findings are supported by substantial evidence." *Id.* (citing 42 U.S.C. § 405(g)). Evidence is considered substantial "if a reasonable person would accept it as adequate to support a conclusion." *Indoranto v. Barnhart*, 374 F.3d 470, 473 (7th Cir. 2004); *see Moore v. Colvin*, 743 F.3d 1118, 1120–21 (7th Cir. 2014) ("We will uphold the ALJ's decision if it is supported by substantial evidence, that is, such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.") (citations omitted). "Substantial evidence must be more than a scintilla but may be less than a preponderance." *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007) (citations omitted). "In addition to relying on substantial evidence, the ALJ must also explain his analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005) (citation omitted).

Although this Court accords great deference to the ALJ's determination, it "must do more than merely rubber stamp the ALJ's decision." *Scott v. Barnhart*, 297 F.3d 589, 593 (7th Cir. 2002) (citation omitted). "This deferential standard of review is weighted in favor of upholding the ALJ's decision, but it does not mean that we scour the record for supportive evidence or rack our brains for reasons to uphold the ALJ's decision. Rather, the ALJ must identify the relevant evidence and build a 'logical bridge' between that evidence and the ultimate determination." *Moon v. Colvin*, 763 F.3d 718, 721 (7th Cir. 2014). Where the Commissioner's decision "lacks evidentiary support or is so poorly articulated as to prevent meaningful review, the case must be remanded." *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002).

### III. Determining a Disability under the Act

A claimant must show a disability under the Act in order to obtain disability insurance benefits. *York v. Massanari*, 155 F. Supp. 2d 973, 978 (N.D. Ill. 2001). To be found disabled, a child must have a medically determinable physical or mental impairment or combination of impairments. 20 C.F.R. § 416.906. When determining whether a child is considered disabled under the Act, the Commissioner must complete a three step inquiry: First the Commissioner must find that the child was not performing substantial gainful activity. 20 CFR § 416.924(b)); *Wilson v. Colvin*, 48 F. Supp. 3d 1140, 1143 (N.D. Ill. 2014). Next, the Commissioner must determine that the child has a severe medically determinable impairment or combination of impairments. 20 C.F.R. § 416.924(c). At step three, the Commissioner must determine whether the impairment meets or equals an impairment listed in the list of impairments set out in the Appendix 1. 20 C.F.R. § 416.924(d). *Wilson*, 48 F. Supp. 3d at 1143. If the Commissioner finds in the affirmative at each step the child is disabled. *Id*. However, if the Commissioner's answer at step three is no, *i.e.*, he finds, that the child's impairments do not meet or equal a listing, the Commissioner must decide whether the child's limitations "functionally equal" any listed impairment. *See* 20 C.F.R. § 416.924(d). To make this determination, the Commissioner must analyze the child's limitations in six domains of functioning. These six domains are: "(1) acquiring and using information, (2) attending and completing tasks, (3) interacting and relating with others, (4) moving about and manipulating objects, (5) caring for oneself and (6) health and physical well-being." 20 C.F.R. § 416.926a(b)(1)). Under that functional equivalence test, a child is disabled if she suffers from two "marked" limitations or one "extreme" limitation. 20 C.F.R. § 416.926a(a)).

IV. Discussion

As stated above, the ALJ found that I.B had the severe impairments of asthma and bronchopulmonary dysplasia but determined that these impairments did not functionally equal a listing. (R. 24.) Plaintiff contends the ALJ erred for several reasons. Among those reasons, Plaintiff contends the ALJ improperly weighed the opinion of Dr. Zedeck and Ms. Scott.

Dr. Zedeck, a treating psychologist, first met with Plaintiff in March of 2014. (R. 985.) According to Dr. Zedeck's psychiatric assessment, he diagnosed Plaintiff with a mood disorder, not otherwise specified. (R. 990). He also found her affect was irritable with mood swings but found her to be alert and oriented to the person, place, and situation. (*Id.*) He also rated her insight and judgment "fair to good." (*Id.*) The ALJ did not specify the weight he gave Dr. Zedeck's opinion. (R. 26)

Absent contradictory evidence, the ALJ should defer to a well-supported treating physician's opinion. *Hofslien v. Barnhart*, 439 F.3d 375, 376 (7th Cir. 2006). "Obviously if [the treating physician's opinion] is well supported and there is no contradictory evidence, there is no basis on which the administrative law judge, who is not a physician, could refuse to accept it." *Id.*; *see also Gudgel v. Barnhart*, 345 F.3d 467, 470 (7th Cir. 2003) ("More weight is given to the opinion of treating physicians because of their greater familiarity with the claimant's conditions and circumstances."); *Bates v. Colvin*, 736 F.3d 1093, 1100 (7th Cir. 2013) ("Thus, to the extent a treating physician's opinion is consistent with the relevant treatment notes and the claimant's testimony, it should form the basis for the ALJ's determination.").

The following is the entirety of the ALJ's discussion of Dr. Zedeck's opinion:

> The claimant had an Initial Psychiatric Evaluation with Ron Zedeck, MD at Nevada Behavioral Solutions (NBS) on March 7, 2014. Dr. Zedeck's diagnosis was mood disorder,

> not otherwise specified. . . Although the records contain a Rehabilitation Plan with a start date of August 26, 2014, Dr. Zedek only met with the claimant in March and April 2014. I do not find this adequate evidence upon which to draw any conclusion concerning the claimant's impairments and how they affect her functioning. Indeed, it appears that the claimant underwent the examination that formed the basis of the opinion in question not in an attempt to seek treatment for symptoms, but rather, in an effort to generate evidence for the claimant's Individualized Educational Program (IEP) Placement.

(R. 26 (internal citations omitted).)

The ALJ's assessment of Dr. Zedeck's opinion is problematic. First the ALJ failed to assign a weight to Dr. Zedeck's opinion. In reviewing the ALJ's opinion, "[o]ur task is limited to determining whether the ALJ's factual findings are supported by substantial evidence." *Young v. Barnhart*, 362 F.3d 995, 1001 (7th Cir. 2004). But this Court cannot conclude whether a factual finding is supported by substantial evidence if there is none. Here, the ALJ did not assign a level of weight to Dr. Zedeck's opinion, but rather discounted the opinion completely- a wholesale discount is generally not permissible under the law. *See infra*. Our task is thus rendered impossible and the decision must be remanded back to the Social Security Administration to give the ALJ the opportunity to explain what weight he afforded to Dr. Zedeck's opinion.

Generally, and as stated above, absent compelling contradictory evidence, an ALJ should defer to the opinion of a treating physician. In certain circumstances, however, an ALJ may discount a treating physician's opinion. *Schmidt v. Astrue*, 496 F.3d 833, 842 (7th Cir. 2007). ("An ALJ thus may discount a treating physician's medical opinion if it [sic] the opinion is inconsistent with the opinion of a consulting physician or when the treating physician's opinion is internally inconsistent.") (internal citations omitted). When an "ALJ decides not to give controlling weight to a treating physician's opinion, he must still assign it a specific weight." 2011 U.S. Dist. LEXIS 84840 at *6. A Court cannot conjecture the weight the ALJ may or

may not have ascribed to a given opinion; "the decision must be sufficiently specific to make clear to any subsequent reviewers the weight the ALJ gave to the treating source's medical opinion and the reasons for that weight." *Id.* at *5.

Here the ALJ has not specified what weight he assigned to the physician's opinion and this Court cannot read the ALJ's mind. It appears that the ALJ did not give controlling weight to Dr. Zedeck's opinion, but this Court may not assume what is not written in the ALJ's opinion.[2] Indeed, other Courts in this district have been clear that the ALJ "cannot leave the weight given to the treating physician's testimony to mere inference: 'the decision must be sufficiently specific to make clear to any subsequent reviewers the weight the ALJ gave to the treating source's medical opinion and the reasons for that weight." *Ridinger v. Astrue*, 589 F. Supp. 2d 995, 1006 (N.D. Ill. 2008) (citing *David v. Barnhart*, 446 F. Supp. 2d 860, 871 (N.D. Ill. 2006)). Because the ALJ failed to articulate what weight he assigned Dr. Zedeck's opinion this case must be remanded. *See Reyes v. Colvin*, No. 14 C 7359, 2015 U.S. Dist. LEXIS 142530, at *32 (N.D. Ill. Oct. 20, 2015) ("[T]he ALJ must assign weight to each opinion and minimally articulate his reasons for so weighting.") (internal quotations omitted); *see Ammerman v. Berryhill*, No. 3:15 C 542, 2017 U.S. Dist. LEXIS 44966, at *11-12 (N.D. Ind. Mar. 27, 2017) ("[T]he ALJ failed to ascribe a weight to Dr. Posner's opinion . . . As a result, the ALJ must be given another opportunity to determine whether Posner's opinion is entitled to controlling weight and, if not, explain why.")

---

[2] Even if non-controlling weight of Dr. Zedeck's opinion were appropriate, the reason provided by the ALJ does not pass muster. The fact that Dr. Zedeck's services and ultimate opinion were used to justify I.B's IEP (Individualized Educational Program) Placement does not make the opinion worthless, as the ALJ suggests. Quite frankly, the logic employed by the ALJ on this point is nonexistent, and not supported by anybody of law of which this Court is aware.

Defendant argues that because Dr. Zedeck only met with Plaintiff twice he is a non-treating source and therefore the ALJ "properly found this short treatment time-period to be inadequate to draw conclusions on I.B.'s functioning." (Def. Mot. Summ. J. at 12.) However even if we conclude that Dr. Zedeck is a non-treating physician, the result would remain the same as an ALJ is still required to assign a weight to a non-treating source. It is a "fundamental duty" of an ALJ to evaluate medical source opinions and "[a]s the regulations make clear, this encompasses *all* of the medical opinions in the record. *Thompkins v. Astrue*, No. 09 C 1339, 2011 U.S. Dist. LEXIS 84840, at *6 (N.D. Ill. Aug. 2, 2011) (citing 20 C.F.R. § 404.1527(d)) (emphasis in the original). Therefore treating source or not, this case must be remanded.

Plaintiff also argues that the ALJ improperly weighed the opinion of Ms. Alicia Scott, a children's mental health counselor who worked in the same offices as Dr. Zedeck. (Pl. Br. at 4.) In the spring of 2014, Ms. Scott diagnosed Plaintiff with a mood disorder and ADHD. (R. 985.) Ms. Scott strongly recommended a structured educational environment for Plaintiff's success. (*Id.*) The ALJ gave no weight to the opinion of Ms. Scott on the grounds she was not an acceptable medical source and thus could not give medical opinions. *See* 20 C.F.R. § 416.927. Plaintiff agrees that as a mental health counselor Ms. Scott's opinion is not an "'acceptable medical source,' but rather, it is considered an opinion from an 'other source.'" (Pl. Br. at 9) (citing 20 C.F.R. § 416.927).

Unlike opinions from treating physicians, opinions from non-physicians providers may not receive controlling weight. *Hunt v. Astrue*, 889 F. Supp. 2d 1129, 1143 (E.D. Wis. 2012). Three major distinctions between medical sources and others include:

> (1) Only acceptable medical sources can provide evidence to establish the existence of a medically determinable impairment, *id.*, (2) only acceptable medical sources can provide medical opinions, 20

8

C.F.R. §§ 404.1527(a)(2), 416.927(a)(2) (2007), and (3) only acceptable medical sources can be considered treating sources, 20 C.F.R. §§ 404.1527(d) and 416.927(d) (2007).

*Newsom v. Colvin*, No. 14-CV-3012-DEO, 2015 U.S. Dist. LEXIS 34171, at *19-20 (N.D. Iowa Mar. 19, 2015).

While evidence from other sources "cannot establish the existence of a medically determinable impairment" they "may provide insight into the severity of the impairment(s) and how it affects the individual's ability to function." Social Security Ruling (SSR) 06-03p, 2006 WL 2329939 (S.S.A. Aug. 9, 2006). While the Commissioner is not required to apply the "stringent treating source rule" used in evaluating acceptable medical sources for other sources he or she may not "ignore" such opinions. *Koschnitzke v. Barnhart*, 293 F. Supp. 2d 943, 950 (E.D. Wis. 2003) (internal citations omitted).

Therefore although Ms. Scott's opinion is entitled to less weight than that of an acceptable medical source, the ALJ still must provide some explanation for rejecting it. Because the ALJ provided no explanation whatsoever for discounting Ms. Scott's opinion this case must be remanded. *See e.g., Scott v. Barnhart*, 297 F.3d 589, 596 (7th Cir. 2002) ("We conclude that the ALJ failed to articulate adequately the bases for his conclusions, precluding this court from engaging in meaningful judicial review of [the claimant's] claim.") Here the ALJ provided no reason at all for rejecting Ms. Scott's opinion, necessitating remand.

## V. Conclusion

The Court finds that the ALJ failed to weigh the opinion of Dr. Zedeck and improperly assessed the opinion of Ms. Scott. Because the Court finds the ALJ's opinion deficient on this basis this alone, the Court denies the Commissioner's motion for summary judgment [25], reverses the Commissioner's decision, and

remands this case for a reevaluation and a reassessment of Dr. Zedeck's and Ms. Scott's opinions and other issues that are informed by that evidence.

SO ORDERED.  ENTERED: September 19, 2017

_____
M. David Weisman
United States Magistrate Judge